UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-791-MOC-DCK

| | |
|---|---|
| SONYA HEATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| ) | |
| GO HEALTH, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss filed by Defendant Go Health, LLC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5). Plaintiff has filed a response to the motion (Doc. No. 9) and Defendant has filed a reply (Doc. No. 13). This matter is now ripe for disposition.

**I.      BACKGROUND**

Plaintiff Sonya Heath alleges that Defendant discriminated against her based on her race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e et seq. ("Title VII"). (Doc. No. 1). Plaintiff also purports to bring a claim under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. GEN. STAT. §§ 143-422 et seq.

In April 2021, Plaintiff began her employment with GoHealth. (Doc. No. 1 ¶ 12). Plaintiff remains employed by GoHealth. (Id. ¶ 27). Plaintiff makes the following factual allegations in support of her claims:

1

Plaintiff began her employment with Defendant in April of 2021. On October 27, 2022, Plaintiff was employed by (GOHEALTH) as Senior Benefits Advisor. On October 27, 2022 Plaintiff's immediate supervisor Tammy Nunley used the word N****R during a Coaching Session with Plaintiff. Plaintiff was [] in shock when Ms. Nunley casually used the word during the Coaching Session. Plaintiff remained silent about the use of the word and completed her work day due to it being annual enrollment time and her being required to work twelve (12) hour days.

Plaintiff was unable to sleep the night of October 27, 2022 and the proceeding nights due to the incident replaying in her head over and over again. Plaintiff was offended by the racist and derogatory comment and placed in a hostile work environment that she had to endure without any relief due to it being extremely busy at work due to the open enrollment period for Medicare.

On November 7, 2022, Plaintiff reported the incident to Jamaal Kelly who was the senior manager at the time. After the matter was not addressed by Jamaal Kelly or personnel at GOHEALTH, Plaintiff spoke to Tammy Nunley about the matter on November 10, 2022. During the conversation with Ms. Nunley on November 10, 2022, Ms. Nunley refused to apologize for her actions and the use of the word N****R and told Plaintiff that, she felt that if Plaintiff and other African Americans can use the word, then Ms. Nunley as a White-American should also be able to use the word. Ms. Nunley created a racially hostile working environment for Plaintiff. To date, no action has been taken by Defendant to address the situation with Plaintiff. Defendant has yet to take any action to stop the racially hostile work environment that Plaintiff has been placed in. Upon information and belief, Ms. Nunley has been promoted by Defendant since the incident occurred on October 27, 2022.

Plaintiff was allowed to report to another Team Manager, however, she still has to interact with Tammy Nunley due to Ms. Nunley's promotion. Plaintiff has been forced to continue to work in a racially hostile work environment for Defendant.

(Doc. No. 1 at 2–5).

Based on the above allegations, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Determination and Notice of Rights to Plaintiff on January 10, 2023, informing Plaintiff she had ninety days from receipt of the notice to file a lawsuit. (Doc. No. 2 at 1, Determination and Notice of Rights Letter). On April 3, 2023, Plaintiff filed a Complaint in this Court, claiming that Defendant discriminated against her based on her race by allegedly subjecting her to a hostile work environment in violation of Title VII

and the NCEEPA. (Case No. 3:23-cv-192, Doc. No. 1). Plaintiff voluntarily dismissed the Initial Complaint on May 22, 2023. (Id. ¶ 6). On November 20, 2023, Plaintiff re-filed her action in this Court. (Doc. No. 1). On March 28, 2024, Defendant filed the pending motion to dismiss. (Doc. No. 5). On April 11, 2024, Plaintiff filed a response brief. (Doc. No. 9). On April 18, 2024, Defendant filed a Reply. (Doc. No. 13).

## II. STANDARD OF REVIEW

Reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

### A. Plaintiff's Title VII Claim

Defendant first contends the Court must dismiss Plaintiff's Title VII claim because Plaintiff failed to file her Complaint within ninety days of receipt of the EEOC Notice of Right to Sue. For the following reasons, the Court agrees.

A plaintiff must their civil action within ninety days of receipt of a notice of right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Where a plaintiff neglects to file within the

ninety-day limitations period, the claims are time-barred and subject to dismissal. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.4 (4th Cir. 2002); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653–54 (4th Cir. 1987); Scott v. Teachers Annuity Assoc. of Am., No. 3:12-CV-00697, 2013 WL 2948315, at *2 (W.D.N.C. June 14, 2013) (dismissing plaintiff's claims because she failed to file her claims within ninety days of receipt of a notice of right to sue); Land v. Food Lion, LLC, No. 3:12-cv-6, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) (dismissing the plaintiff's complaint as untimely where he failed to file his Title VII claims within ninety days after receipt of notice of right to sue).

Plaintiff concedes that her Title VII claim is time-barred, but she contends that the Court should equitably toll the applicable limitations period. The Court, however, finds that equitable tolling would be inappropriate in this case.

Statutory limitations periods applicable to lawsuits against private employers under Title VII are subject to equitable tolling. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Specifically, equitable tolling is available in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. "The bar to successfully establish facts allowing equitable tolling is very high and the burden is on [the plaintiff] to present facts that allow [her] to clear that bar." Fowler v. Hall, No. 1:09cv248, 2009 WL 3151869, at *3 (M.D.N.C. Sept. 24, 2009).

Plaintiff argues the Court should revive her time-barred Title VII claim under the doctrine of equitable tolling because she "would not have taken a voluntary dismissal" of her initial Complaint "[b]ut for the assurances and promises of Defendant[.]" (Doc. No. 9 at p. 4). Plaintiff argues that Defendant "agreed to participate in mediation" and then contends that she

4

"relied on that assurance, only to have Defendant refuse to uphold [its] end of the bargain" because Defendant "had no intentions of participating in the agreed upon mediation[.]" (Id. at pp. 3–4).

Plaintiff's contention is factually incorrect: Defendant agreed to arbitrate, not to mediate. (See Doc. No. 14 ¶¶ 3–4, 10: Declaration of William J. Tarnow). According to the sworn declaration of defense counsel William J. Tarnow, "[a]t no point, during any discussions, emails or any other communications, at any time, did I (or any other representative of GoHealth) agree to participate in a mediation, let alone as any condition related to the dismissal of the Initial Complaint, or in relation to whether, when, or how Plaintiff might decide of her own accord to file a subsequent (i.e. the instant) Complaint." (Id. ¶ 6). Defendant also notes that, after dismissing her initial Complaint, Plaintiff failed to file the arbitration demand.

The Court finds that Plaintiff fails to set forth any facts, much less verified assertions, showing that she somehow was prevented from timely filing her Title VII claim due to any wrongful conduct by Defendant. Nor does Plaintiff identify extraordinary circumstances beyond her control, rendering it impossible for her to file on time. Thus, equitable tolling would be inappropriate under the circumstances of this case. Plaintiff's Title VII claim is time-barred and must therefore be dismissed for failure to state a claim.

### B. Plaintiff's NCEEPA Claim

Plaintiff seeks declaratory and injunctive relief, as well as money damages, "to redress the deprivation of rights secured to Plaintiff by … the common law and public policy of North Carolina and N.C.G.S. § 143-433 et seq., known as the North Carolina Equal Employment Practices Act." (Doc. No. ¶ 1). Plaintiff does not set forth a separate cause of action under the NCEEPA itself; instead, the Complaint appears to assert one cause of action for race

5

Case 3:23-cv-00791-MOC-DCK   Document 17   Filed 05/14/24   Page 5 of 6

discrimination brought jointly under both Title VII and the NCEEPA. (Id. ¶¶ 28–35). Nevertheless, to the extent that Plaintiff purports to bring a claim for race discrimination under the NCEEPA, such claim must also be dismissed with prejudice, as Plaintiff cannot seek relief or maintain a cause of action under the NCEEPA.[1] See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA.").

The Court will therefore grant Defendant's motion to dismiss Plaintiff's NCEEPA claim.

### IV.     CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. This action is dismissed.

3. The Clerk is directed to terminate this action.

Max O. Cogburn Jr
United States District Judge

---

[1] In her response brief, Plaintiff does not attempt to respond to Defendant's motion to dismiss her NCEEPA claim. Thus, Plaintiff has waived any argument in opposition to the dismissal of her purported NCEEPA claim. See, e.g., Tims v. Carolinas Healthcare Sys., 983 F. Supp. 2d 675, 682 (W.D.N.C. 2013) (finding that "Plaintiff abandoned her retaliation claim" where she "failed to address" a "substantive ground raised by Defendant for dismissing the retaliation claim").